UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BOF MEDICAL CENTER, INC.,

        Plaintiff,

v.

CVS PHARMACY, INC., a foreign profit corporation,

        Defendant.

_____/

Case No: 1:23-cv-24438

Hon.

Removed from the Circuit Court of Miami-Dade County, Florida (Case No. 2023-024147-CA-01)

## **DEFENDANT'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant CVS Pharmacy, Inc. ("**CVS**" or "**Defendant**"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the Miami Division of the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1332(a) and (c). The grounds for removal of this action are as follows:

**I.**     **The State Court Action**

    1.    Plaintiff BOF Medical Center, Inc. ("**Plaintiff**" or "**BOF**") commenced this action in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 2023-024147-CA-01 ("**State Court Action**"). A true and correct copy of the Summons and Complaint ("**Complaint**") filed in the State Court Action is attached to this Notice as **Exhibit 1**.

    2.    The Complaint asserts claims for tortious interference with business relationship and defamation against CVS.

    3.    To CVS's knowledge, no other documents have been filed or served on it in the State Court Action.

**II.     This Court Has Original Jurisdiction Under 28 U.S.C. § 1332(a) And (c).**

4.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) and (c) because it is a civil action between citizens of different States, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1441(a), CVS may therefore remove this action to this Court.

**III.    There Is Complete Diversity of Citizenship Between Plaintiff and CVS.**

5.     The citizenship of a corporation is determined by the state in which it is incorporated and the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

6.     CVS is a foreign citizen for purposes of diversity jurisdiction. CVS is incorporated in the State of Rhode Island and has its principal place of business in the State of Rhode Island. (**Ex. 1**, ¶ 2; **Exhibit 3**, Moffatt Declaration, ¶ 3.) A true and correct copy of the Rhode Island Secretary of State's business entity record for CVS is attached hereto as **Exhibit 2**. CVS is therefore a Rhode Island citizen for diversity jurisdiction purposes.

7.     Plaintiff is a citizen of Florida. (**Ex. 1**, ¶ 1.)

8.     This action is one between citizens of different states for purposes of 28 U.S.C. § 1332(a) and (c).

**IV.    The Amount in Controversy Exceeds $75,000.**

9.     A removal action is proper based on the amount in controversy asserted in the removal notice "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in [28 U.S.C. § 1332(a) ]." 28 U.S.C. § 1446(c)(2)(B). That is the case here. "The pertinent question at the jurisdictional stage is what is

in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *S. Florida Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014).

10. Plaintiff alleges that "[t]he amount in controversy is in excess of $100,000.00, exclusive of interests and costs." (**Ex. 1**, ¶ 4). This is sufficient to satisfy Defendant's removal requirement. While CVS disputes it is liable to Plaintiff for any amounts, the sum demanded in Plaintiff's Complaint "shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002) ("[W]hen the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed").

**V.     All Procedural Requirements For Removal Are Satisfied.**

11. CVS was served with the Complaint on October 24, 2023. (*See* **Ex. 1**).

12. This Notice of Removal is therefore timely because CVS filed it within 30 days after receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1).

13. As required by 28 U.S.C. § 1446(a), CVS has attached copies of all state court process, pleadings, and orders to this Notice of Removal. (*See* **Ex. 1**; *see also* a true and correct copy of the State Action docket sheet attached hereto as **Exhibit 4**).

14. As required under 28 U.S.C. § 1446(d), CVS is serving written notice of the removal of the State Court Action to Plaintiff's attorneys, and shall promptly file a copy of this Notice with the Clerk of the Miami-Dade County Circuit Court. This "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

15. CVS has not attempted to litigate this case in state court or taken any action that could be construed as a waiver of its right of removal.

16. In accordance with 28 U.S.C. § 1441(a), venue of the removed action lies in the United States District Court for the Southern District of Florida because the State Court Action was filed within this judicial district and this division.

17. Nothing contained in this Notice shall be construed as a waiver of any defense or claim, or an admission of any allegation in the Complaint.

**WHEREFORE**, for the foregoing reasons, Defendant CVS Pharmacy, Inc., respectfully requests that Plaintiff's Complaint be removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action as if it had been originally commenced in this Court.

Dated: November 21, 2023                                    Respectfully submitted

**FOLEY & LARDNER LLP**

/s/ *Crystal B. Carswell*
Crystal B. Carswell
Florida Bar No. 108882
Primary: ccarswell@Foley.Com
Secondary: atownsend@Foley.Com
2 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131-2132
Telephone: 305.482.8400
Facsimile: 305.482.8600

*Attorneys for CVS Pharmacy, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List by CM/ECF.

/s/ *Crystal B. Carswell*
Crystal B. Carswell

**SERVICE LIST**

Thomas William Risavay, Esq.
6000 S.W. 63 Avenue
South Miami, Florida 33143
Email: trisavy@gmail.com

and

John H. Schulte, Esq.
650 Valencia Ave, Ste 303
Coral Gables, Florida 33134
Email: jhs@schultemiami.law
       johnschulte@comcast.net