# Exhibit 1

Filing # 184071244 E-Filed 10/16/2023 04:33:55 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | **CASE NUMBER** |
| **PLAINTIFF(S)**<br>**BOR Medical Center, Inc.** | **VS.   DEFENDANT(S)**<br>**CVS Pharmacy, Inc.** | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s):  CVS Pharmacy, Inc.

CT Corporation, 1200 South Pine Island, Plantation, FL 33324, as its agent for service of process.

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: John H Schulte, Esq.

whose address is: 650 Valencia, Ave, Ste 303, Coral Gables, FL 33134

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | BY:_____<br>307967<br>DEPUTY CLERK | DATE<br>10/17/2023 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314 Rev. 06/23          PRINT          SAVE          RESET          Clerk's web address: www.miamidadeclerk.gov

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**BOF MEDICAL CENTER, INC.**
**a Florida corporation,**

      **Plaintiff,**                        **CASE NO**

**vs.**

**CVS PHARMACY, INC**
**a Rhode Island corporation**

      **Defendant**
_____/

## **COMPLAINT**

### **Jurisdiction and the Parties**

1.     Plaintiff, BOF MEDICAL CENTER, INC. ("BOF" or "Plaintiff") is a Florida corporation authorized to transact business and provides health care and related services through its medical clinic at 12440 Biscayne Blvd, North Miami, Florida, 33181.

2.     The Defendant CVS PHARMACY, INC. ("Defendant" or "CVS"), is a Rhode Island corporation with headquarters at One CVS Drive, Woonsocket, RI, authorized to do business in Florida, and operates various CVS and other pharmacies around the State of Florida .

3.     CVS has appointed CT Corporation, 1200 South Pine Island, Plantation, FL 33324, as its agent for service of process.

4.      This is an action for damages where the amount in controversy is in excess of $100,000.00, exclusive of interest and costs.

## Statement of Facts

5.      BOF is a licensed medical care clinic which has been in operation in North Miami for over 25 years. BOF employs licensed physicians who specialize in pain management. BOF employed Mayer I Trobman, D.O., Fernando Fandino Sende, M.D., and Timothy Parsons, D.O. as BOF physicians.

6.      BOF physicians are licensed and registered to prescribe drugs, substances and certain chemicals as classified by the United States Drug Enforcement Administration ("DEA") as Schedule II, Schedule IIN, Schedule III, Schedule IIIN, Schedule IV, and Schedule V. BOF and its physicians have always complied with the Controlled Substance Prescribing Act, Florida Statute § 456.44 and the Florida Pharmacy Act, Fla. Stat. § 465.001 *et seq*

7.      BOF physicians have never been fined, charged, or convicted with any offenses or violations of 21 U.S.C. s 801 et seq., commonly known as the Controlled Substances Act. CFR 893.13 1 A.

8.      There were never any investigations of BOF or its physicians for any reason, including, but not limited to, criminal activities or violations of the Controlled Substances Act.

9.     BOF patients are generally accepted upon referral from other health care providers because those providers do not have the necessary training and experience coping with long term managed pain. The BOF patients typically present with multiple co-morbidities and complex medical problems and often after failed surgeries.

10.     In the course and scope of such treatment, BOF physicians lawfully prescribe drugs, substances and certain chemicals as classified by the United States Drug Enforcement Administration ("DEA") Schedule II, Schedule IIN. Schedule III, Schedule IIIN, Schedule IV, and Schedule V ("Prescriptions").

11.     The American Medical Association Code of Ethics holds that an implied contract exists between patients and their physicians. The relationship between BOF physicians and their patients are contractual in nature.

12.     On April 5, 2023, without any investigation, CVS notified a BOF Physician "that based on concerns" regarding "prescribing patterns for controlled substance prescriptions" effective April 13, 2023, that "CVS pharmacies would no longer be able to fill prescriptions you write for control substances.  This suspension includes all CVS pharmacies including retail and mail order pharmacies, as well as all DBAs under which those pharmacies may dispense."

13.     CVS had no authority to overrule the independent judgment of a Florida Pharmacist as to whether or not to fill a prescription for a controlled

3

substance. Under the Florida Pharmacy Act and the regulations issued thereunder by the Florida Board of Pharmacy, "When validating a prescription, neither a person nor a licensee shall interfere with the exercise of the pharmacist's independent professional judgment." Rule 64B16-27.831 (Standards of Practice for the Filling of Controlled Substance Prescriptions),

13.     In its 25-year history, BOF physicians, have never been cited or criticized by any federal, state, or local authority for its operations including prescribing medications for its patients.

14.     Since April 13, 2023 CVS has refused to fill prescriptions written by any BOF physicians.

15.     The deleterious effect of cutting off opioids and other pain medications is well known. The Center for Disease Control ("CDC") has warned against the deadly result of cutting off pain medication from patients in need of opiates and other pain reducing drugs.

16.     According to the CDC, in 2016 alone, an estimated 50 million Americans suffered from chronic pain with about 20 million Americans experiencing high impact chronic pain, defined as chronic pain that limited life or work activities on most days for the prior six (6) months.  Of the 20 million experiencing high impact chronic pain, 78% (more than 15 million) were age 45 years and older.

17.     Chronic pain, and the underlying medical conditions from which BOF patients suffer, has been deemed a "disability" under both federal and state laws. As chronic pain patients who require opioid pain medication, they have "a physical or mental impairment that substantially limits one or more major life activities." There is a well-studied correlation between chronic pain and suicidal behavior. Involuntarily tapering or deprivation of a patient of opioid medication, particularly those who have been on high-dose opioids for long periods, has major physical and mental health repercussions and has been shown to increase the risk of suicidal behavior.

18.     Chronic pain can result from a wide range of causes, such as traumatic injury, medical treatment, inflammation, or neuropathic pain.  Patients with the same diagnosis can have different pain levels.  Because chronic pain has such diverse causes and wide-ranging effects, it poses challenges to treatment.

19.     A substantial number of BOF's patients are elderly and suffering from chronic pain. BOF is one of the very few medical facilities available for these patients. BOF physicians are registered under and fully comply with the Controlled Substance Prescribing Act, Fla Stat.456.44 (1)(e).

20.     BOF physicians have written all narcotic prescriptions strictly adhering to the Practitioner's Manual Guideline. It requires that such prescriptions issued for "a legitimate medical purpose by a practitioner acting in the usual course

of professional practice." BOF has up-to-date records of all its chronic pain patients. BOF monitors such medications every month with random drug tests. BOF makes sure that the patients are taking these medications as meant to be prescribed in the usual course of medical practice. BOF has never experienced drug overdoses by its patients. BOF patients undergo complete physical examinations.

21.    CVS might argue that the refusal to fill opioid prescriptions does not prevent the patient from getting the prescription filled elsewhere or getting additional prescriptions elsewhere if the pain persists, but that puts even more of a burden on a patient who is already unwell and suffering. BOF patients who are afflicted with complex health conditions have limited access to transportation and are already hindered by pain and fatigue. BOF prescriptions are electronically sent to the pharmacists. It is also too late for patients to change medical insurance. A disastrous alternative for BOF patients is turning to illicit or street drugs according to The U.S. Department of Health and Human Services (HHS) *Guide for Clinicians on the Appropriate Dosage and Discontinuation of Long-Term Opioid Analgesics*.

22.    CVS, in effect, "blacklisted" BOF and its physicians by instructing its pharmacists to stop filling prescriptions issued by BOF physicians. It necessarily implies to patients that the BOF prescriptions are illegitimate, improper, illegal, or

not in keeping with the standards of health care facilities in the Greater Miami medical community.

23.     Specific CVS pharmacies that have denied patients and told them the doctor was on a "blacklist" or were registered with "DEA":

Janet F: CVS pharmacy #0567 at 591 NE 79th Street,  Miami, FL 33138

Theresa H: CVS pharmacy  #5125 at 735 NW 119th St, Miami, FL 33168

Beuford S: CVS pharmacy #0567 |at 591 NE 79th St.,  Miami, FL 33138

Charles C: CVS pharmacy #0567 at 591 NE 79th St Miami, FL 33138

CVS has a warning online which reads in effect: "This doctor is not safe to write narcotics,"  Even if CVS has an internal written or informal policy that mandates that pharmacists and other employees are prohibited from informing patients why they are refusing to fill a valid opioid prescription, it implies that the prescribing physician has done something illegitimate. Either way BOF and its physicians are being defamed.

24.     CVS is the largest retail pharmacy chain in the United States, filing more than one billion prescriptions each year in serving 4.5 million customers per day. It has approximately 9,900 retail locations, (ii) approximately 1,100 walk-in medical clinics, (iii) a leading pharmacy benefits manager with approximately 105 million plan members, (iv) a senior pharmacy care business serving more than one million patients per year and (v) serves an estimated 37 million people through

7

traditional, voluntary and consumer – directed health insurance products and related services including Aetna Life Insurance Company ("Aetna").

25.     CVS's actions create a choice for the BOF patients as to whether the patient wants to continue under the care of BOF, which the patient has known for years, and attempt to find a satisfactory alternative to CVS; or keep CVS and try to find  another pain management clinic (e.g. patient Janet F. reported: "CVS is not taking my prescriptions from the doctor but said they would take it from any other doctor").  CVS's actions unfairly, improperly, and needlessly create a conundrum for these patients. CVS's actions against B0F may also be so that the patient seek medical treatment at one of CVS health care facilities or Aetna.

26.     By refusing to fill prescriptions written by BOF, CVS has interfered with BOF's relationships with its patients and referring physicians, proximately causing loss and damage to BOF and its physicians. CVS's actions are in violation of the laws of the state of Florida by interfering with its pharmacists' individual professional judgement as to the filling of prescriptions. *supra* (*"When validating a prescription, neither a person nor a licensee shall interfere with the exercise of the pharmacist's independent professional judgment."*).

8

## Count I

### TORTIOIUS INTERFERENCE WITH BUSINESS RELATIONSHIP

27.     The allegations of paragraphs 1 through 26 are re-alleged here the same as if set out in full.

28.     CVS, a large national pharmacy chain, has knowledge of the sanctity of the relationship between physician and patient and a pharmacist and patient.

29.     CVS deliberately interfered with the relationship between BOF  and its patients by instructing its pharmacists to abandon their lawfully obligated independent judgment and refuse to fill prescriptions written by BOF physicians.

30.     CVS deliberately interfered with BOF's patient's ability to receive adequate treatment by ordering its pharmacists to abdicate their duty to individually assess each prescription issued by BOF physicians to a CVS customer for legitimacy.

31.     CVS intentionally interfered with the relationship between BOF  and its patients who choose to fill prescriptions at CVS and caused a breach of that relationship by refusing valid prescriptions for legitimate medications.

32.     CVS took these actions without conducting a proper investigation.  In taking this action CVS breached its own policies and engaged in unauthorized BOF practice of pharmacy by usurping the professional judgment of its pharmacists.

33.     BOF maintained valid relationships with its patients regarding treatment and prescription.

34.     CVS, as a dispensary of prescription drugs, substances, and certain chemicals, was aware of the nature of the relationship of BOF and its patients.

35.     CVS  intentionally interfered with the relationship maintained by BOF and its physicians with their patients by CVS refusing to fill prescriptions for BOF patients.

36.     CVS intentionally further interfered with the doctor-patient relationship maintained by BOF physicians and their patients when CVS employees, agents and/or representatives made defamatory remarks to their patients about BOF physicians. CVS "blacklists" and discriminates against BOF and their physician prescribing the medication.

37.     As a direct and proximate cause of the unlawful acts by the Defendant, the Plaintiff has been damaged by the loss of past and future revenues as well as the cost and expense directly related to Defendant's illegal activities.

WHEREFORE, Plaintiff BOF demands that a judgement of damages be entered in its favor and against the Defendant CVS and for the costs of this action.

## COUNT II

## DEFAMATION PER SE

38.     The allegations of paragraphs 1 through 37 are re-alleged here the same as if set out in full.

39.     CVS falsely conveyed to BOF's patients that BOF and its physicians had done something illegal by CVS's refusal to honor the prescriptions.

40.     These statements directly impacted BOF's and its physician's reputation with their patients, prospective patients, referring physicians, other local pharmacies, and federal and state agencies and boards.

41.     CVS made these statements about BOF and its physicians with reckless disregard of the truth,  which is that BOF physicians are not subject to any disciplinary acts or findings on  federal or state levels.

42.     As a direct and proximate cause of the unlawful acts by the Defendant, the Plaintiff has suffered damages directly related to Defendant's wrongful conduct in defaming the Defendant and its physicians.

WHEREFORE, Plaintiff BOF demands that a judgement of damages be entered in its favor and against the Defendant CVS and for the costs of this action.

THOMAS RISAVAY, ESQ.    and    JOHN H. SCHULTE, ESQ.

s/Thomas William Risavay              s/John H. Schulte
Attorney for Plaintiff                Attorney for Plaintiff
Fla Bar No.: 801410                   Fla Bar No.: 100229
6000 S.W. 63 Avenue                   650 Valencia Ave, Ste 303
South Miami, FL 33143                 Coral Gables, FL 33134
(786) 295-9946                        (305) 389-6596
trisavy@gmail.com                     jhs@schultemiami.law
                                      johnschulte@comcast.net