UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24438-GAYLES

**BOF MEDICAL CENTER, INC.,**

 Plaintiff,
v.

**CVS PHARMACY, INC.**

 Defendant.
_____/

# ORDER

 **THIS CAUSE** comes before the Court on Defendant CVS Pharmacy, Inc.'s Motion to Dismiss (the "Motion") [ECF No. 7]. The Court has reviewed the Complaint, the Motion and corresponding briefs, the record, and is otherwise fully advised. For the reasons that follow, the Motion is DENIED.

## BACKGROUND[1]

 Plaintiff BOF Medical Center, Inc. ("BOF") is a licensed medical care clinic that specializes in pain management. [ECF No. 1-2 ¶ 4]. Defendant CVS Pharmacy, Inc. ("CVS") is a retail pharmacy with locations across the United States. [ECF No. 24]. BOF employs licensed physicians that specialize in treating patients with long-term pain, including by prescribing them controlled substances. [ECF No. 1-2 ¶ 10]. On April 5, 2023, CVS notified a BOF physician that, due to their controlled substance prescribing patterns, CVS was no longer able to fill their prescriptions. [ECF No. 1-2 ¶ 12]. Since April 13, 2023, CVS has not filled any prescriptions from BOF's physicians. [ECF No. 1-2 ¶ 14]. BOF's Complaint provides a list of four different

---

[1] As the Court is proceeding on a Motion to Dismiss, it takes Plaintiff's allegations in the Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

1

pharmacies in Miami, Florida that have allegedly refused to fill prescriptions from BOF's physicians. [ECF No. 23]. In sum, BOF claims that by refusing to fill its physicians' controlled-substance prescriptions, "CVS has interfered with BOF's relationship with its patients and referring physicians." [ECF No. 1-2 ¶ 26].

On October 4, 2023, Plaintiff filed its Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-2]. The Complaint alleges that CVS is liable for tortiously interfering with BOF's business relationships with its patients (Count I) and for defaming BOF and its physicians (Count II). *Id.* On November 21, 2023, CVS removed the action to federal court pursuant to 28 U.S.C. § 1441(a), invoking this Court's diversity jurisdiction. [ECF No. 1]. On December 4, 2024, CVS filed its Motion which seeks dismissal of the Complaint for failure to state a claim upon which relief can be granted. [ECF No. 7]. In its response to the Motion (the "Response"), BOF argued against dismissal of the tortious interference claim but stated its intent to dismiss the defamation claim. [ECF No. 17].

## **LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott,* 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118,

1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.,* 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

## ANALYSIS

CVS argues that BOF has failed to sufficiently plead its remaining claim for tortious interference. To successfully plead a claim for tortious interference, a plaintiff must allege: "(1) the existence of a business relationship, (2) the defendant's knowledge of that relationship, (3) an intentional and unjustified interference with the relationship, and (4) injury resulting from the breach of the relationship." *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir. 1999) (citing *Tamiami Trail Tours, Inc. v. Cotton*, 432 So. 2d 148, 151 (Fla. 1st DCA 1983)). CVS argues that BOF's Complaint must be dismissed because it fails to allege: (1) the specific business relationships CVS interfered with, and (2) facts that plausibly show CVS was unjustified when it stopped filling BOF physician's prescriptions. The Court will take each of CVS's arguments in turn.

The Complaint alleges that CVS deliberately interfered with BOF's business relationship with its patients by refusing to fill prescriptions written by BOF physicians. [ECF No. 1-2 ¶¶ 29–31]. CVS does not dispute there is a business relationship between BOF's doctors and their patients. *See* [ECF No. 7 at 1-2, 5]. Nor is there any question or dispute that CVS has refused to fill the prescriptions prescribed by BOF physicians. *Id.* Rather, CVS argues that the tortious interference claim fails because BOF has not identified the exact patients with whom they have relationships.

"[A]n action for tortious interference with a business relationship . . . requires the plaintiff to prove a business relationship with identifiable customers." *ThermoLife Int'l LLC v. Vital Pharms. Inc.*, No. 19-CV-61380, 2020 WL 409594, at *3 (S.D. Fla. Jan. 24, 2020) (*quoting Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (internal quotations omitted). In *Dunn*, the Eleventh Circuit held that in order to survive a motion to dismiss, a plaintiff must sufficiently allege "a relationship with a particular party" and that allegations of interference with the general business community are insufficient. *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir. 1999); *see also Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) ("Lucky's allegation that it was planning to sell its sunglasses to 'various customers' is too vague and abstract to satisfy the first element of a tortious interference claim."). However, this does not mean that BOF is required to identify in the Complaint the individual patients with whom BOF had business relationships. *See Drenberg v. FocusA (3)27 On Sur., LLC*, 2013 WL 6768667, at *3 (M.D. Fla. Dec. 20, 2013) ("At the pleading stage, it is not necessary to name the specific customers at issue so long as there are sufficient allegations concerning a business relationship that affords the claimant existing or prospective legal or contractual rights.") (internal quotations omitted).

In *Greenberg v. Mount Sinai Med. Ctr. of Greater Miami, Inc.*, Florida's Third District Court of Appeal held that a plaintiff's allegation that it "had established and maintained advantageous business relationships with both referring physicians and patients they had previously operated on" was "sufficient to meet the requirements necessary to state a cause of action for intentional interference." 629 So. 2d 252, 255 (Fla. 3d DCA 1993); *see also Precision Rx Compounding, LLC v. Express Scripts Holding Co.*, No. 4:16-CV-0069 (CEJ), 2016 WL 4446801, at *6 (E.D. Mo. Aug. 24, 2016) (applying Florida law and finding allegations that

"plaintiffs had ongoing and expected future business relationships with repeat customers who filled prescriptions" as sufficient to state claim); *Mimms v. CVS Pharmacy, Inc.*, No. 1:15-CV-00970-TWP, 2015 WL 6449293, at *5 (S.D. Ind. Oct. 22, 2015) (finding allegation regarding "the existence of a doctor/patient relationship" sufficient for claim against CVS for refusing to fill controlled substances). Although perhaps a "very close question," BOF's allegations that CVS interfered with BOF physicians' ongoing doctor-patient relationships in the treatment of chronic pain, *see* [ECF No. 1-2 ¶¶ 19-20, 25-26, 33-36], are sufficiently particularized to proceed at this stage. *See Maxi-Taxi of Fla., Inc. v. Lee Cnty. Port Auth.,* No. 2:07-CV-82-FTM-34SPC, 2008 WL 11430005, at *7 (M.D. Fla. Mar. 31, 2008) (denying motion to dismiss where plaintiff alleged they had a business relationship with their existing "as well as prospective" customers); *see also ADT LLC*, 2015 WL 12866274, at *4 (rejecting defendants' argument that plaintiff failed to sufficiently identify specific relationships when the complaint alleged defendants interfered with plaintiff's existing customers); *but see Miracle 7, Inc. v. Halo Couture, LLC*, No. 13-61643-CIV, 2014 WL 11696708, at *3 (S.D. Fla. Jan. 17, 2014) (finding allegations of "existing and potential customers" to not be "particular parties" and that sales to future customers impermissibly relied on "pure speculation").

Next CVS argues that BOF failed to sufficiently allege the unjustifiability of CVS's conduct. BOF alleges that CVS's decision to refuse filling BOF physician's prescriptions goes against their pharmacists' duty to exercise independent judgment when deciding whether to fill prescriptions. [ECF No. 1-2 ¶¶ 13, 26]. In support of its argument, CVS primarily relies on the "privilege of interference" affirmative defense to show that CVS's conduct was justified as a matter of law. *See Abele v. Sawyer*, 750 So. 2d 70, 75 (Fla. 4th DCA 1999) ("Justification or privilege to interfere with a contract is a defense to a tortious interference action.").

5

The Eleventh Circuit has long held that in order to obtain dismissal under Rule 12(b)(6) pursuant to an affirmative defense, the existence of the defense must "clearly appear[] on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), on reh'g, 764 F.2d 1400 (11th Cir. 1985). The propriety of CVS's privilege of interference defense does not clearly appear on the face of the Complaint. Moreover, "[b]ecause the assertion of a privilege to interfere in an otherwise protected business relationship is an affirmative defense, '[the] privilege argument . . . is unavailing on a motion to dismiss.'" *Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1239 (S.D. Fla. 2015) (quoting *Persaud v. Bank of Am., N.A.*, No. 14-21819-CIV, 2014 WL 4260853, at *5 (S.D. Fla. Aug. 28, 2014)). Accordingly, the applicability of CVS's "privilege of interference" affirmative defense would be best determined at summary judgment or trial. *See Eran Fin. Servs., LLC v. Eran Indus. Ltd.*, No. 21-CIV-81386, 2023 WL 3025347, at *9 (S.D. Fla. Feb. 24, 2023) (finding determination of justified interference affirmative defense was not possible at the motion to dismiss stage). Therefore, CVS's Motion shall be denied.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of April, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record