UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24438-GAYLES

**BOF MEDICAL CENTER, INC.,**

    Plaintiff,
v.

**CVS PHARMACY, INC.**

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant CVS Pharmacy, Inc.'s Motion for Summary Judgment (the "Motion"). [ECF No. 34]. The Court has reviewed the Motion, corresponding briefs, the record, and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED**.

### BACKGROUND[1]

Plaintiff BOF Medical Center ("BOF") is an all-cash pain management clinic that does not accept insurance and prescribes controlled substances to its patients for pain treatment. [ECF No. 35 ¶¶ 1, 2, 5]. Defendant CVS Pharmacy, Inc. ("CVS") is a retail pharmacy with locations across the United States. CVS has operated a Prescriber Review Process since 2012, through which CVS uses algorithms and other means to review and identify any potentially concerning prescribers. *Id.* ¶¶ 12, 16. Pursuant to its Prescriber Review Process, CVS has stopped filling prescriptions for controlled substances written by over 1,250 prescribers. *Id.* ¶ 17.

---

[1] The facts in this matter are gleaned from Defendant's Statement of Material Facts ("SOMF") [ECF No. 35], Plaintiff's Response to Defendant's SOMF [ECF No. 41], and Defendant's Reply to Plaintiff's Response [ECF No. 43].

On October 6, 2021, CVS reached out to one of the doctors employed at BOF, Dr. Mayer Trobman ("Dr. Trobman"), pursuant to the Prescriber Review Process. *Id.* ¶ 28. Although CVS interviewed Dr. Trobman about his prescribing practices, the interview did not resolve CVS's concerns. *Id.* ¶ 31. On November 10, 2021, CVS sent a letter to Dr. Trobman informing him that effective November 18, 2021, CVS Pharmacy stores would no longer fill his prescriptions for controlled substances. *Id.* ¶ 32. On March 29, 2022, CVS entered into a Settlement Agreement ("the Settlement Agreement") with the State of Florida to resolve pending litigation regarding CVS's dispensing of controlled substances. *Id.* ¶ 18.[2] CVS subsequently informed another BOF doctor, Timothy Parsons ("Dr. Parsons"), that CVS Pharmacy stores would no longer fill his prescriptions for controlled substances, effective April 13, 2023.[3] *Id.* ¶¶ 36–44.

From 2019 to 2023, BOF's revenue increased each year, and BOF's gross revenue in 2023 was nearly 2.5 times higher than BOF's 2019 reported revenue. *Id.* ¶¶ 54, 55. BOF's clinic also has had an increase in patients since 2019, which it attributes to the closure of other pain management clinics near BOF's office.[4] *Id.* ¶ 52.

On October 4, 2023, Plaintiff filed its Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-2]. The Complaint alleges that CVS is liable for tortiously interfering with BOF's business relationships with its patients (Count I) and for defaming BOF and its physicians (Count II). Only the tortious interference claim

---

[2] CVS states the Settlement Agreement requires them to operate the Prescriber Review Process as injunctive relief. [ECF No. 35 ¶ 19]. BOF disputes this and states the Settlement Agreement doesn't require CVS to break federal law. [ECF No. 41 ¶ 19].

[3] CVS continued to fill prescriptions for non-controlled substances written by Dr. Trobman and Dr. Parsons, and patients could get prescriptions for controlled substances filled by other pharmacies. *Id.* ¶¶ 33, 34, 45, 46. Dr. Parsons passed away in May 2023. *Id.* ¶ 47.

[4] CVS states that "[a]t BOF's corporate representative deposition, its owner admitted that he could not identify any particular patients BOF lost because of CVS and that he did not have a calculation of BOF's alleged damages." [ECF No. 35 ¶ 56]. In its Response to CVS's Statement of Material Facts, BOF disputes this statement but does not explain why. [ECF No. 41 ¶ 56].

2

remains.[5] *Id.* On November 21, 2023, CVS removed the action to federal court pursuant to 28 U.S.C. § 1441(a), invoking this Court's diversity jurisdiction. [ECF No. 1].

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(a)). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" when a reasonable trier of fact, viewing all the record evidence, could rationally find in favor of the nonmoving party in light of her burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citation omitted). A fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (citation omitted).

"Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016) (citation omitted), *vacated on other grounds*, 2016 WL 11503064, at *1 (11th Cir. May 31, 2016). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014) (per curiam). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere

---

[5] In BOF's response to the Motion to Dismiss, it states that it has dismissed the defamation claim. [ECF No. 17 at 2 n.1].

scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). Furthermore, conclusory allegations will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (citation omitted).

## DISCUSSION

To successfully prove a claim for tortious interference with a business relationship, a plaintiff must show: "(1) the existence of a business relationship, (2) the defendant's knowledge of that relationship, (3) an intentional and unjustified interference with the relationship, and (4) injury resulting from the breach of the relationship." *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir. 1999) (citing *Tamiami Trail Tours, Inc. v. Cotton*, 432 So. 2d 148, 151 (Fla. 1st DCA 1983)). CVS claims that it is entitled to summary judgment on BOF's tortious interference claim because (1) CVS has not intentionally or unjustifiably interfered with BOF's business relationships and (2) there is no evidence that CVS caused BOF damages.[6] The Court agrees.

### A.     Injury

In the Eleventh Circuit, a plaintiff "must show that it was injured to survive a motion for summary judgment based on a claim of tortious interference." *Whetstone Candy Co., Inc. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1079 (11th Cir. 2003); *see also Martinez v. Rabbit Tanaka Corp.*, 2006 WL 5100536, at *4 (S.D. Fla. Jan. 6, 2006) ("Even if facts which would otherwise be material to other elements of the case are disputed, Defendants are still entitled to the entry of summary judgment if Plaintiffs fail to offer any admissible evidence of damage."); *Anesthesia Healthcare*

---

[6] CVS also argues that "in the event the Court is disinclined to grant CVS summary judgment, it should enter judgment for CVS and dismiss BOF's Complaint for failure to join the State of Florida, an indispensable party, as a defendant." [ECF No. 34 at 8]. Given the Court's decision to grant summary judgment in this case, it does not need to reach this issue.

*Partners, Inc. v. Anesthesia Healthcare Sols. of N. Fla., LLC*, 2012 WL 13024036, at *7 (N.D. Fla. Sept. 19, 2012) ("The fourth element is dispositive of the plaintiffs' claim."). To satisfy this element, Plaintiff must "show that it suffered damages as a result of any tortious interference that may have occurred." *Whetstone,* 351 F.3d at 1079.

BOF has not sufficiently shown that it suffered damages as a result of CVS's refusal to fill controlled substance prescriptions for two of its doctors, Dr. Trobman and Dr. Parsons. Importantly, in BOF's response to the Motion for Summary Judgment, it states that "BOF is in the process of calculating its damages which is a difficult task." [ECF No. 40 at 8]. However, at the summary judgment stage, BOF must provide evidence of damages caused by CVS's alleged interference. BOF failed to do so. Additionally, CVS continued to fill prescriptions for non-controlled substances written by Dr. Trobman and Dr. Parsons, and patients could get their prescriptions for controlled substances filled by other pharmacies. Finally, Plaintiff does not dispute that from 2019–2023, BOF has had an increase in patients due to the closure of other pain management clinics near its office and that BOF's gross revenue increased. As such, there is no competent evidence to show that BOF was injured as a result of interference by CVS. Therefore, CVS is entitled to judgment as a matter of law on this claim.

  B. <u>**Unjustified Interference**</u>

BOF also fails to establish that CVS committed an intentional and unjustified interference with the business relationships between BOF and its patients. "Analysis of the justification element in an interference claim requires an examination of the defendant's conduct, its motive, and the interests it sought to advance." *Maxi-Taxi of Fla., Inc. v. Lee Cnty. Port Auth.*, 2008 WL 1925088, at *17 (M.D. Fla. Apr. 29, 2008), *aff'd*, 301 F. App'x 881 (11th Cir. 2008) (internal citations omitted). As such, under Florida law, interference is justified where

a defendant acts pursuant to statutory or contractual authority. *Id.*; *Haney v. PGA Tour, Inc.,* 2021 WL 3709213, at *9 (S.D. Fla. Aug. 19, 2021). Additionally, "no cause of action for intentional interference exists which is the consequence of a rightful action." *Maxi-Taxi*, 2008 WL 1925088, at *17.

The Court finds that CVS's decision to refuse to fill prescriptions for controlled substances for Dr. Trobman and Dr. Parsons, pursuant to its Prescriber Review Process and its concerns about the doctors' prescribing patterns, was justified. *See Alexander v. CVS Pharmacy, Inc.*, 2024 WL 83462, at *3 (S.D. Ind. Jan. 8, 2024), *pending appeal*, 24-1090 (7th Cir. 2024) (finding that "[e]ven if, as Plaintiffs allege, such concerns are misguided, taking as true Plaintiffs' allegation that CVS acted because of its views on proper prescribing patterns, . . . then CVS acted for a 'legitimate' business purpose, not an 'improper' one. Accordingly, Plaintiffs have failed to adequately allege that CVS acted without justification in declining to fill Dr. Alexander's prescriptions for controlled substances."). CVS refused to fill prescriptions for controlled substances for Dr. Trobman and Dr. Parsons because of its concerns about the doctors' prescribing patterns. Pursuant to its Prescriber Review Process, CVS interviewed the doctors about their prescribing practices. Because those interviews did not resolve CVS's concerns, it made the decision to refuse to fill their prescriptions for controlled substances. As such, the Court finds that CVS's controlled substance restrictions were done for a legitimate business purpose and that those restrictions did not unjustifiably interfere with the business relationship between BOF and its patients.

In its response to CVS's Motion for Summary Judgment, BOF argues that the Court should rely on *Morgan v. Walgreens, Co.*, 2024 WL 4356488 (S.D. Fla. August 26, 2024), *pending appeal*, 24-13087 (11th Cir. 2024). However, *Morgan* is distinguishable from this case. In *Morgan*, the

Court found that Walgreens' decision not to fill prescriptions for controlled substances issued by Dr. Morgan was not based on any legitimate concern over the safety or legality of the prescriptions but was based on an internal determination for reasons that were not disclosed. *Id.* at *3–4. Here, CVS provided reasons for its decision. CVS noted that pursuant to its Prescriber Review Process, CVS reached out to both Dr. Trobman and Dr. Parsons regarding their prescribing patterns. After the interviews with both doctors failed to resolve CVS's concerns, CVS decided to stop filling their prescriptions for controlled substances.

Importantly, in *Morgan*, the court noted that Dr. Morgan is the sole physician in his practice, and the block on prescriptions would affect approximately half of his patient population and likely create a significant decline in his practice. *Id.* at *1, 4. Here, Dr. Parsons and Dr. Trobman were not solo practitioners, and BOF provided no evidence that CVS's block on prescriptions would cause harm to the practice. Therefore, the Court finds that CVS has not intentionally and unjustifiably interfered with BOF's business relationships with its customers.

### C. The Remaining Factors

Based on the foregoing, the Court finds that BOF has not shown an injury caused by CVS and that CVS has not intentionally or unjustifiably interfered with BOF's business relationships with its customers. Therefore, the Court need not consider the remaining factors for tortious interference. *See Whetstone*, 351 F.3d at 1079; *Maxi-Taxi*, 2008 WL 1925088, at *17–18; *Haney*, 2021 WL 3709213, at *13.

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment, [ECF No. 34], is **GRANTED**.
2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT.**

7

3. Pursuant to Fed. R. Civ. P. 58, final judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 29th day of August, 2025

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE